UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-60138-CIV-COHN/SELTZER

ISMAEL RAMOS,

    Plaintiff,

v.

ASSOCIATION OF FLIGHT ATTENDANTS
CWA, AFL-CIO,

    Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant's Motion to Dismiss or in the Alternative to Transfer Venue [DE 7]. The Court has reviewed the Motion and the record in this case, and is otherwise advised in the premises.

In this action, Plaintiff Ismael Ramos has raised a single claim against Defendant Association of Flight Attendants CWA, AFL-CIO ("AFA"), for breach of the duty of fair representation under 29 U.S.C. § 185 of the Labor and Management Relations Act. See generally DE 1 (Complaint). In 2013, Ramos worked as a flight attendant for United Airlines. Id. ¶ 8; DE 7 at 2. United Airlines terminated Ramos's employment in November 2013 for the improper use of a "buddy pass" air-travel ticket. Compl. ¶¶ 8–13. Ramos alleges that AFA, a union of which he was a member, declined to advocate on his behalf. Id. ¶ 14. On this basis, Ramos asserts his claim against AFA for breach of the duty of fair representation. Id. ¶¶ 16–19.

AFA has responded to the Complaint with its Motion. In the Motion, AFA argues that the Complaint should be dismissed for failure to state a claim and for lack of

subject-matter jurisdiction. DE 7 at 3–7. AFA also argues that, in the event the action is not dismissed, it should be transferred to the United States District Court for the Northern District of Illinois. Id. at 7–8.

In response to AFA's request to transfer or dismiss for improper venue, Ramos offers no legal argument. Instead, Ramos supplies a fact of questionable relevance: that United Airlines was domiciled within this District until 2004, nearly a decade before the events giving rise to this suit. See DE 28 at 1.

However, Ramos has failed entirely to respond to AFA's arguments that his claim fails on its merits and for lack of subject-matter jurisdiction on bases other than improper venue. See id. A party's failure to respond to arguments for dismissal warrants the grant of a motion to dismiss by default. E.g., Zemba v. Comcast Corp., No. 14-23928, 2015 WL 3540068 at *3 (S.D. Fla. June 3, 2015); A1 Procurement, LLC v. Hendry Corp., No. 11-23582, 2012 WL 6214546 at *3 (S.D. Fla. Dec. 13, 2012); W. Coast Life Ins. Co. v. Life Brokerage Partners LLC, No. 08-80897, 2009 WL 2957749 at *11 (S.D. Fla. Sept. 9, 2009). In light of Ramos's failure to offer any opposition to the substance of AFA's arguments for dismissal, the Court will grant the Motion by default, and will dismiss the Complaint.[1] It is accordingly

---

[1] In his response to the Motion, Ramos states the following: "Should the Court decide to retain venue, Plaintiff requests one week to amend the Complaint." DE 28 at 1. However, Ramos does not attach a proposed amended pleading, or discuss how the amendment of his pleading would cure any substantive failures of his claim or a lack of subject-matter jurisdiction. Moreover, to the extent Ramos's statement may be construed as a request for leave to file an amended complaint, it is inappropriate to seek such affirmative relief in a response to a motion. See Silver v. Karp, No. 14-80447, 2014 WL 4248227 at *1 n.1 (S.D. Fla. Aug. 27, 2014). The Court therefore does not view Ramos's perfunctory suggestion in his response that he be allowed to amend his pleading as justifying denial of AFA's request to dismiss this action.

**ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss or in the Alternative to Transfer Venue [DE 7] is **GRANTED** by default.

2. Plaintiff's Complaint [DE 1] is **DISMISSED without prejudice**.

3. The Clerk of Court is directed to **CLOSE** this case and **DENY** any pending motions as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 29th day of June, 2015.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF